# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11, Subchapter V |
| | ) | |
| | ) | Case Numbers |
| **J & S CONCEPTS LLC;** | ) | 3:24-bk-00066 |
| **PARTY FOWL COOL SPRINGS LLC;** | ) | 3:24-bk-00067 |
| **PARTY FOWL DESTIN LLC;** | ) | 3:24-bk-00068 |
| **PARTY FOWL DONELSON LLC;** | ) | 3:24-bk-00069 |
| **PARTY FOWL HAMILTON PLACE LLC;** | ) | 3:24-bk-00070 |
| **PARTY FOWL MURFREESBORO LLC;** | ) | 3:24-bk-00071 |
| | ) | |
| Debtors. | ) | Judge Randal S. Mashburn |
| | ) | |
| | ) | JOINT ADMINISTRATION |
| | ) | REQUESTED |

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS: FEBRUARY 1, 2024.
IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE: FEBRUARY 13, 2024
AT 9:30 a.m. in Courtroom 1, 701 Broadway, Nashville, TN 37203
(Virtual Hearing if allowed; See website for details)**

### NOTICE OF APPLICATION FOR ORDER APPROVING EMPLOYMENT AND RETENTION OF DUNHAM HILDEBRAND, PLLC AS COUNSEL FOR DEBTORS

The above-styled Debtors (the "Debtors") have asked the Court to enter an order approving the employment and retention of Dunham Hildebrand, PLLC as counsel for the Debtors.

**YOUR RIGHTS MAY BE AFFECTED**. If you do not want the Court to grant the attached motion, or if you want the Court to consider your views on the motion, then on or before the date set forth above, you or your attorney must:

1. File with the Court your response or objection explaining your position. **PLEASE NOTE: THE BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE REQUIRES ELECTRONIC FILING. ANY RESPONSE OR OBJECTION YOU WISH TO FILE MUST BE SUBMITTED ELECTRONICALLY. TO FILE ELECTRONICALLY, YOU OR YOUR ATTORNEY MUST GO TO THE COURT WEBSITE AND FOLLOW THE INSTRUCTIONS AT: <https://ecf.tnmb.uscourts.gov>.**

If you need assistance with Electronic Filing you may call the Bankruptcy Court at (615) 736-5584. You may also visit the Bankruptcy Court in person at: US Bankruptcy Court, 701 Broadway, 1st Floor, Nashville, TN (Monday - Friday, 8:00 A.M. - 4:00 P.M.).

2. **Your response must state the deadline and hearing date set forth above, and the motion to which you are responding.**

3. You must serve your response or objection **by electronic service through the Electronic Filing system** described above.

If a response is filed before the deadline stated above, the hearing will be held at the time and place indicated above. ***THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE***. You may check whether a timely response has been filed by calling the Clerk's office at (615) 736-5584 or viewing the case on the Court's website at <www.tnmb.uscourts.gov>.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Dated: January 10, 2024                                       Respectfully Submitted,

/s/ Henry E. ("Ned") Hildebrand, IV
R. Alex Payne
Henry E. ("Ned") Hildebrand, IV
Gray Waldron
DUNHAM HILDEBRAND, PLLC
2416 21st Avenue South, Suite 303
Nashville, Tennessee 37212
615.933.5851
alex@dhnashville.com
gray@dhnashville.com
ned@dhnashville.com
*Counsel for the Debtors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11, Subchapter V |
| | ) | |
| | ) | <u>Case Numbers</u> |
| **J & S CONCEPTS LLC;** | ) | 3:24-bk-00066 |
| **PARTY FOWL COOL SPRINGS LLC;** | ) | 3:24-bk-00067 |
| **PARTY FOWL DESTIN LLC;** | ) | 3:24-bk-00068 |
| **PARTY FOWL DONELSON LLC;** | ) | 3:24-bk-00069 |
| **PARTY FOWL HAMILTON PLACE LLC;** | ) | 3:24-bk-00070 |
| **PARTY FOWL MURFREESBORO LLC;** | ) | 3:24-bk-00071 |
| | ) | |
| Debtors. | ) | Judge Randal S. Mashburn |
| | ) | |
| | ) | JOINT ADMINISTRATION REQUESTED |

**APPLICATION FOR ORDER APPROVING EMPLOYMENT AND RETENTION OF
<u>DUNHAM HILDEBRAND, PLLC AS COUNSEL FOR DEBTORS</u>**

The above-captioned debtors (the "Debtors") in these cases hereby apply to this Court pursuant to 11 U.S.C. § 327 and Rule 2014 of the Federal Rules of Bankruptcy Procedure, for an Order authorizing and approving the employment of Dunham Hildebrand, PLLC (the "Firm"), effective January 9, 2024, to represent the Debtors as counsel in these bankruptcy cases for which a motion for joint administration has been filed. A verified statement of the Firm pursuant to 11 U.S.C. § 329 and Rules 2014(a) and 2016(b) of the Bankruptcy Rules is attached hereto as <u>Exhibit A</u>. In support of this motion, the Debtors represent as follows:

1. On January 9, 2024, (the "Petition Date"), the Debtors commenced these cases by each individually filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtors filed a *Company Profile* in each of their cases prior filing this Motion, and they incorporate that document herein by reference.

3

3. The Debtors are in possession of their property and are managing their affairs as Debtors-in-Possession.

4. The Debtors have selected the Firm because they believe the Firm to be well qualified to represent them in these proceedings.

5. The Firm has been and will be employed to provide various legal services for the Debtors, including, but not limited to, the following;

    a. Rendering legal advice with respect to the rights, powers and duties of the Debtors in the management of their property;

    b. Investigating and, if necessary, instituting legal action on behalf of the Debtors to collect and recover assets of the estates of the Debtors;

    c. Preparing all necessary pleadings, orders and reports with respect to this proceeding and to render all other necessary or proper legal services;

    d. Assisting and counseling the Debtors in the preparation, presentation and confirmation of its disclosure statements and plans of reorganization;

    e. Representing the Debtors as may be necessary to protect their interests; and

    f. Performing all other legal services that may be necessary and appropriate in the general administration of the Debtors' estate.

6. The Debtors and the Firm do not believe that there is any actual or potential conflict of interest affecting the Firm's representation. The Firm does not currently, and has not previously, represented any creditor of the Debtors or any party in interest. The Firm acknowledges that it had an initial consultation with the Debtors' majority owner and his wife regarding claims involving their personal residence—which claims were unrelated to the Debtors or their creditors—and that the Firm was never formally engaged related thereto.

7. The Firm is not aware of any cause of action or other claim between the Debtors. Moreover, the Firm does not believe that the nature of the Debtors' prepetition operations between

themselves cause any disqualifying interest. The Firm is acutely aware of its requirement to "independently evaluate claims for its client[.]" *In re Prince*, 40 F.3d 356, 361 (11th Cir. 1994). In the event a dispute arises that creates a conflict of interest, then special counsel can be appointed for the limited purpose of resolving such dispute.

8. Prior to filing this application, the Firm has researched its ability to represent multiple debtors in this matter. With the increasing size and complexity of reorganization cases, the most efficient and effective way of administering multiple-debtor cases may be the use of a single law firm, professional or coordinated group of professionals. *In re BH & P Inc*., 949 F.2d 1300, 1310 (3d Cir. 1991). Thus, to conserve estate assets, courts will permit multiple-debtor representation but also evaluate the facts surrounding the representation to protect the integrity of the bankruptcy process. *In re Global Marine, Inc*., 108 B.R. 998 (Bankr. D. Tex. 1987). Even when there are inter-company debts, it is standard practice to allow multi-debtor representation such that estate assets may be conserved. *See, e.g., In re Int'l Oil Co*., 427 F.2d 186, 187 (2d Cir. 1970) (the existence of intercompany claims by itself was not a basis "to saddle these estates with the expense of separate trustees and trustees' attorneys"); *In re O.P.M. Leasing Serv., Inc*., 16 B.R. 932 (Bankr. S.D.N.Y. 1982) (declining to remove trustee in consolidated bankruptcies despite existence of an inter-debtor claim as the case was a well-progressed, complex bankruptcy proceeding).

9. The Firm is investigating the existence of any inter-company transfers, any forgiveness of debt, any transactions without reasonably equivalent value, and any other dealings that might cause the Debtors to have diametrically opposed goals in these cases for which joint administration is sought. As set forth herein, the Firm will supplement this Application as necessary upon a more thorough review and analysis after completing a thorough review of the

5

Debtors' statements and schedules.

10. Subject to this Court's approval, the Firm will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date of services are rendered. The Firm's current standard hourly rates are as follows: attorneys ($400-$550 per hour) and paralegals ($175-$200 per hour). The Firm's standard hourly rates are subject to adjustment as of January 1 of each year.

11. In addition to seeking payment for legal services, the Firm will charge for all expenses actually incurred on behalf of the Debtors, consistent with its normal practices and as may be approved by the Court as reasonable and necessary. The expense and charges include such items as: filing fees, mailing charges, hand delivery and other delivery charges, travel expenses, computerized legal research charges, transcription costs, and photocopying charges.

12. On January 8, 2024, the Firm received via wire transfer a retainer of $60,428.00 (the "Retainer") as the collective retainer for the Debtors. The Firm applied $29,443.00 of the Retainer to cover fees and expenses incurred by the Firm for work prior to the Petition Date and for the filing fees for the Cases. The source of the Retainer was a non-debtor.

13. The Firm requests permission to file a first interim fee application on or after the 30th day following commencement of this case. Unless otherwise ordered by the Court, all subsequent fee applications shall be filed no more often than once every 30 days. No funds may be paid by the Debtors post-petition to the Firm for fees or expenses absent entry of an order approving the fees and expenses.

14. The Firm does not believe it represents any interest adverse to the Debtors or the Debtors' estates. The Firm is believed to be a "disinterested person" under Bankruptcy Code §§

6

Case 3:24-bk-00066    Doc 12    Filed 01/10/24    Entered 01/10/24 19:53:46    Desc Main
Document      Page 6 of 14

101(14) and 327. In the unlikely event the Firm is not disinterested with respect to all Debtors, then it will determine whether the representation may continue if special counsel or separate counsel is employed. If any disinterestedness is not waivable or otherwise disqualifies the Firm from representation any of the Debtors, the Firm will supplement this application and disclose the conflict to the Court.

15. To the best of each Debtor's knowledge and the Firm's knowledge, the Firm has no disqualifying connection with either Debtor or their respective estates, the Debtors' creditors, or any other party in interest, its respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee.

**WHEREFORE**, the Debtors respectfully request that the Court enter an Order authorizing the employment of Dunham Hildebrand, PLLC as counsel for Debtors in all capacities as set forth above, and for such other and further relief as is appropriate and just.

Respectfully Submitted,

/s/ Henry E. ("Ned") Hildebrand, IV
R. Alex Payne
Gray Waldron
Henry E. ("Ned") Hildebrand IV
DUNHAM HILDEBRAND, PLLC
2416 21st Avenue South, Suite 303
Nashville, Tennessee 37212
629.777.6539
alex@dhnashville.com
gray@dhnashville.com
ned@dhnashville.com
*Counsel for Debtor*s

7

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing *Notice* and *Motion for Order Approving Employment and Retention of Dunham Hildebrand, PLLC as Counsel for Debtors* was filed electronically on January 10, 2024. Notice of this filing was given via regular mail pursuant to Local Rule 2014-1 to the United States Trustee, all secured claim holders, the 20 largest unsecured creditors, and any party who has filed a written request for notices.

      /s/ Henry E. ("Ned") Hildebrand, IV
      Henry E. ("Ned") Hildebrand, IV

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11, Subchapter V |
| | ) | |
| | ) | Case Numbers |
| **J & S CONCEPTS LLC;** | ) | 3:24-bk-00066 |
| **PARTY FOWL COOL SPRINGS LLC;** | ) | 3:24-bk-00067 |
| **PARTY FOWL DESTIN LLC;** | ) | 3:24-bk-00068 |
| **PARTY FOWL DONELSON LLC;** | ) | 3:24-bk-00069 |
| **PARTY FOWL HAMILTON PLACE LLC;** | ) | 3:24-bk-00070 |
| **PARTY FOWL MURFREESBORO LLC;** | ) | 3:24-bk-00071 |
| | ) | |
| Debtors. | ) | Judge Randal S. Mashburn |
| | ) | |
| | ) | JOINT ADMINISTRATION |
| | ) | REQUESTED |

## **VERIFIED STATEMENT OF HENRY E. ("NED") HILDEBRAND, IV**

Dunham Hildebrand, PLLC (the "Firm"), proposed counsel for the Debtors in this case, respectfully submits, pursuant to 11 U.S.C. §§ 327 and 329 and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), this Verified Statement disclosing connections with creditors and parties in interest, if any, and disclosing compensation paid or agreed to be paid to the Firm.

I, Henry E. ("Ned") Hildebrand, IV, on behalf of the Firm, hereby swear under penalty of perjury as follows:

1. I am an attorney and member of the Firm with an office located at 2416 21st Avenue South, Suite 303, Nashville, TN 37212. I submit this Verified Statement in support of the application of the Debtors for approval of the retention and employment of the Firm.

2. I am an attorney in good standing and licensed to practice law in the State of Tennessee and am duly qualified and admitted to practice before this Court.

3. The application filed contemporaneously herewith, and incorporated herein, accurately sets forth the agreement between the Debtors and the Firm. The compensation set forth in the Application is equal to or below the rates customarily charged by the Firm for comparable services other than in a case under Title 11 of the United States Code.

4. There exists no understanding or agreement between the Firm or any other entity for the sharing of compensation received or to be received for services rendered in or in connection with this case except as authorized by 11 U.S.C. § 504(b)(1).

5. To the best of my knowledge, the Firm, and its members and associates, represent no interest adverse to Debtors or to the estate in matters upon which they are to be engaged. It is believed, and therefore represented, that the Firm is disinterested within the meaning of 11 U.S.C. §§ 101(14) and 327.

6. Prior to filing this application, the Firm has researched its ability to represent multiple parties related to, or affiliated with, the Debtors, both in Chapter 11 proceedings and in out-of-Court workouts. With the increasing size and complexity of reorganization cases, the most efficient and effective way of administering multiple-debtor cases may be the use of a single law firm, professional or coordinated group of professionals. *In re BH & P Inc.*, 949 F.2d 1300, 1310 (3d Cir. 1991). Thus, to conserve estate assets, courts will permit multiple-debtor representation but also evaluate the facts surrounding the representation to protect the integrity of the bankruptcy process. *In re Global Marine, Inc.*, 108 B.R. 998 (Bankr. D. Tex. 1987). Even when there are inter-company debts, it is standard practice to allow multi-debtor representation such that estate assets

10

may be conserved. *See, e.g., In re Int'l Oil Co.*, 427 F.2d 186, 187 (2d Cir. 1970) (the existence of intercompany claims by itself was not a basis "to saddle these estates with the expense of separate trustees and trustees' attorneys"); *In re O.P.M. Leasing Serv., Inc.*, 16 B.R. 932 (Bankr. S.D.N.Y. 1982) (declining to remove trustee in consolidated bankruptcies despite existence of an inter-debtor claim as the case was a well-progressed, complex bankruptcy proceeding).

7. The Firm therefore does not believe that the nature of business transactions between and among any of the Debtors, based on present knowledge, will cause any disqualifying interest. The Firm is acutely aware of its requirement to "independently evaluate claims for its client[.]" *In re Prince*, 40 F.3d 356, 361 (11th Cir. 1994). In the event a dispute arises that creates a conflict of interest, then special counsel can be appointed for the limited purpose of resolving such dispute. The Firm will supplement this Application as necessary.

8. Except as set forth herein, to the best of each Debtor's knowledge and the Firm's knowledge, the Firm has no disqualifying connection with either Debtor or their respective estates, the Debtors' creditors, or any other party in interest, its respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee. The Firm acknowledges that it had an initial consultation with the Debtors' majority owner and his wife regarding claims involving their personal residence—which claims were unrelated to the Debtors or their creditors—and that the Firm was never formally engaged related thereto.

9. During the period of its employment as counsel for the Debtors, the Firm, and its members and associates, will not hold any interest adverse to Debtors, and will not cease to be a disinterested person within the meaning of 11 U.S.C. §§ 101(14) and 327.

10. The Firm has received a collective total of $60,428.00 as a retainer (the "Retainer")

11

for the Firm's representation of the Debtors, which it received from a non-debtor insider. The Firm applied $29,443.00 of the Retainer to cover fees and expenses incurred by the Firm for work prior to the Petition Date and for the filing fees for the Cases. The source of the Retainer was a non-debtor. The Retainer is retained by the Firm and held in trust.

**VERIFICATION**

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this the 10th day of January, 2024.

/s/ Henry E. ("Ned") Hildebrand, IV
Henry E. ("Ned") Hildebrand, IV

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| In re: | ) | Chapter 11, Subchapter V |
|---|---|---|
| | ) | |
| | ) | <u>Case Numbers</u> |
| **J & S CONCEPTS LLC;** | ) | 3:24-bk-00066 |
| **PARTY FOWL COOL SPRINGS LLC;** | ) | 3:24-bk-00067 |
| **PARTY FOWL DESTIN LLC;** | ) | 3:24-bk-00068 |
| **PARTY FOWL DONELSON LLC;** | ) | 3:24-bk-00069 |
| **PARTY FOWL HAMILTON PLACE LLC;** | ) | 3:24-bk-00070 |
| **PARTY FOWL MURFREESBORO LLC;** | ) | 3:24-bk-00071 |
| | ) | |
| Debtors. | ) | Judge Randal S. Mashburn |
| | ) | |
| | ) | JOINT ADMINISTRATION |
| | ) | REQUESTED |

**[PROPOSED] ORDER APPROVING EMPLOYMENT AND RETENTION OF
DUNHAM HILDEBRAND, PLLC AS COUNSEL FOR DEBTORS**

This matter came for consideration on the *Application for Order Approving Employment and Retention of Dunham Hildebrand, PLLC as Counsel for Debtors* (the "Motion"). It appears that approval of employment on the terms and conditions described in the Motion is appropriate, and that pursuant to Section 327(a) of the Bankruptcy Code, the Debtors are authorized to employ the Firm as bankruptcy counsel for the Debtors. It further appears that notice of the Motion was properly given pursuant to all applicable bankruptcy rules and that no objections were filed.

IT IS THEREFORE ORDERED that the Motion is approved on the terms and conditions described in the Motion, and Dunham Hildebrand, PLLC is approved and authorized as counsel for the Debtors.

IT IS FURTHER ORDERED that the Firm may file a first interim fee application on or after the 30th day following commencement of this case consistent with the Motion. Unless

otherwise ordered by the Court, all subsequent fee applications shall be filed no more often than once every 30 days. No funds may be paid by the Debtors post-petition to the Firm for fees or expenses absent entry of an order approving the fees and expenses. The Firm shall otherwise comply with and be compensated in accordance with Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and all applicable Local Rules.

IT IS FURTHER ORDERED that, prior to any increases in the Firm's rates billed to the Debtors, the Firm shall file a supplemental affidavit with the Court the basis for the requested rate increase in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and whether the Debtors have consented to the increase. Prior to the rate increase taking effect, the Firm shall provide ten business days' notice to the Debtors, the U.S. Trustee, and any official committee. Further, the U.S. Trustee retains all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code.

IT IS SO ORDERED.

> THIS ORDER WAS SIGNED AND ENTERED
> ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE

APPROVED FOR ENTRY:

/s/ Henry E. ("Ned") Hildebrand, IV
Henry E. ("Ned") Hildebrand IV
R. Alex Payne
Gray Waldron
DUNHAM HILDEBRAND, PLLC
2416 21st Avenue South, Suite 303
Nashville, Tennessee 37212
629.777.6539
alex@dhnashville.com
gray@dhnashville.com
ned@dhnashville.com
*Counsel for Debtors*