
Randal S. Mashburn
U.S. Bankruptcy Judge

Dated: 3/13/2024



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| J & S CONCEPTS LLC; ) | Case No: 3:24-bk-00066 |
| PARTY FOWL COOL SPRINGS LLC; ) | |
| PARTY FOWL DESTIN LLC; ) | Chapter 11, Subchapter V |
| PARTY FOWL DONELSON LLC; ) | Judge Randal S. Mashburn |
| PARTY FOWL HAMILTON PLACE LLC; ) | |
| PARTY FOWL MURFREESBORO LLC; ) | (Jointly Administered)[1] |
| ) | |
| Debtors. ) | |

**INTERIM ORDER GRANTING EXPEDITED MOTION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO: (A) OBTAIN POSTPETITION FINANCING ON A SENIOR SECURED SUPER-PRIORITY BASIS PURSUANT TO 11 U.S.C. § 364; (B) UTILIZE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363; (II) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED LENDERS PURSUANT TO 11 U.S.C. § 361; (III) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(b) AND (c); AND (IV) GRANTING RELATED RELIEF**

This matter is before the Court on Debtors' motion for debtor-in-possession financing (the "Motion") seeking an order (1) approving post-petition financing in the form of a revolving credit facility (the "DIP Facility"), the terms of which were described in the Motion, with Queso Delicioso OpCo, LLC, as affiliate and assignee of Hargett Hunter Capital Management, LLC (the "DIP Lender"), (2) granting liens and providing super-priority administrative expense status pursuant to 11 U.S.C. §§ 364(c) and (d), (3) authorizing use of cash collateral and providing adequate protection pursuant to 11 U.S.C. §§ 361 and 363, (4) setting final hearing, and (5) granting related relief pursuant to Rule 4001 of the Federal Rules of Bankruptcy. Based upon the Court's review of the Motion and all matters brought to the Court's attention at the interim hearing pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2) (the "Interim Hearing"), after due deliberation and

---

[1] The Debtors' respective tax identification numbers (last four digits) and case numbers are: J & S Concepts LLC, Tax ID No. 2361, at Case No. 24-0066; Party Fowl Cool Springs LLC, Tax ID No. 0522, at Case No. 24-0067; Party Fowl Destin LLC, Tax ID No. 4062, at Case No. 24-0068; Party Fowl Donelson LLC, Tax ID No. 4323, at Case No. 24-0069; Party Fowl Hamilton Place LLC, Tax ID No. 4514, at Case No. 24-0070; and Party Fowl Murfreesboro LLC, Tax ID No. 8304, at Case No. 24-0071.

consideration, and no objections having been filed, THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW and hereby ORDERS as follows:

1. <u>Grant of Motion; Authorization of Interim Financing and Use of Cash Collateral</u>. The Motion is hereby GRANTED on an interim basis, and the Court hereby authorizes and approves the Borrowing Debtors' request for authority to obtain post-petition funding by way of the DIP Facility (as that term is defined in the Motion, and which shall hereafter be referred to as the "DIP Facility") on an interim basis to pay necessary administrative expense amounts. Prior to the final hearing on the Motion, the Debtors are limited to incurring $100,000 in aggregate obligations arising from the DIP Facility ($40,000 for Party Fowl Cool Springs, LLC; $25,000 for each of Party Fowl Donelson, LLC and J & S Concepts, LLC; and $10,000 for Party Fowl Murfreesboro, LLC), plus the $25,000 Facility Fee to be shared equally by each Debtor. Debtor's ability to obtain additional funding shall be determined at the final hearing; however, even beyond a final hearing, Debtor is not authorized to incur funding amounts beyond the maximum DIP Facility amount of $350,000 plus interest and fees, absent Court approval.

   i. Notwithstanding the foregoing, or anything in this Interim Order, and Final Order or the DIP Facility to the contrary, in the event of conversion of any of the Debtors to a case under Chapter 7 of the Bankruptcy Code, the waiver of the right of surcharge under Section 506(c) and the grant of a super-priority administrative claim in favor of the DIP Lender shall not apply as against any subsequently appointed Chapter 7 Trustee, or any professionals employed by a Chapter 7 Trustee, nor any rights to compensation of a Chapter 7 Trustee pursuant to Section 326..

2. <u>Additional Expenses</u>. The DIP Lender shall not disburse any fees or expenses to Debtors' professionals until entry of a Final Order or otherwise upon order of this Court. *See note at end of this order.* Further, the Debtor shall not be authorized to fund or pay any fees or costs of the DIP Lender as required

under the DIP Facility (up to the $25,000 cap for all expenses prior to the date of the Final Order, the "DIP Expenses") until after entry of a Final Order or otherwise upon order of this Court, and in no event shall these DIP Expenses be paid until the Office of the United States Trustee and Debtors' counsel have been provided with an opportunity to assess the reasonableness of such DIP Expenses and a minimum of ten (10) days to object to same. Provided, however, that the Debtors are authorized to immediately borrow against the DIP Facility for payment to the Subchapter V Trustee such monthly retainers previously approved by the Court, and which continue to be due on a monthly basis going forward.

    3.    <u>Final Hearing/Objection Deadline</u>. The Final Hearing shall be held at 9:30 am on March 19, 2024, in Courtroom 1, Customs House, 701 Broadway, Nashville, Tennessee. Any objections of the U.S. Trustee previously raised and not fully resolved or adjudicated by this Interim Order are preserved for the Final Hearing. Any other objections must be raised at or prior to the Final Hearing.

    a.    Unless expressly allowed to appear virtually pursuant to this or other order, witnesses and attorneys or other parties in interest who plan to participate in the hearing on any contested issue are required to appear in person. Any attorney or party wishing merely to monitor the case or make a statement regarding an uncontested issue may appear by video. Mr. Paul Jennings, who made an oral motion at the interim hearing, and the Subchapter V Trustee may appear by video. For video participation, advance registration is required. Parties should register for Judge Mashburn's 7/11 docket on the date indicated. The link to register is: https://www.tnmb.uscourts.gov/register-virtual-link.

    4.    <u>Need for Financing</u>. An immediate and ongoing need exists for the Borrowing Debtors to obtain financing to continue each Borrowing Debtor's operations as debtors-in-possession under Chapter 11 of the Bankruptcy Code and to minimize disruption of Debtors' business.

5. <u>Super-Priority Claim.</u> Subject to Paragraph 1(i) above, all post-petition obligations of each Borrowing Debtor, both jointly and severally, to the DIP Lender shall have administrative priority in accordance with, and shall constitute an allowed super-priority claim pursuant to, Section 364(c)(1) of the Bankruptcy Code over all other administrative expenses in each Debtors' case of the kind specified in, or ordered pursuant to, Sections 105, 328, 503(a), 503(b), 506(e), 507(a), 507(b), 546(c), 726, 1113 or 1114 of the Bankruptcy Code.

6. <u>Grant of and Priority of Post-Petition Liens and Security Interests</u>. All advances made by DIP Lender, plus all interest, fees, and expenses (including reasonable legal fees incurred by DIP Lender) and all other post-petition obligations of Debtor to DIP Lender, shall be secured by a valid, perfected, senior, first priority and superpriority lien and security interest in and to each and every Borrowing Debtor's assets now existing and hereafter arising, except as otherwise stated herein, which shall be valid and perfected without the necessity of the filing of any UCC financing statement or establishing any segregated bank accounts or entering into any control agreements with any depository institution, and which liens and security interests shall at all times be senior to the rights of Debtors and all other parties, including the offset rights with respect to any loans or credit extensions to the Debtors by any depository institution with whom the Debtors' funds may be deposited, in this case under the Code, including any parties which may be beneficiaries of adequate protection heretofore granted by this Court, and secured by a valid and perfected lien and security interest in all assets of the each Borrowing Debtor of any kind or nature existing pre-petition, subject to any valid and perfected pre-existing liens therein. For the avoidance of doubt, the DIP Lender shall not be secured in the unexpired leases of real property of Borrowing Debtors, but rather shall only be secured in the proceeds of Borrowing Debtors unexpired leases of real property.

7. <u>Repayment</u>. All post-petition obligations shall be due and payable, and shall be paid, to the DIP Lender as and when provided in the DIP Facility.

8. <u>Interest Rate of Loan</u>. The interest rate of the DIP Facility shall be the greater of Fifteen Percent (15%) or the maximum rate allowed by law.

9. <u>Automatic Perfection of Liens</u>. All liens and security interests granted to DIP Lender herein to secure the post-petition obligations shall be deemed valid, binding, enforceable and perfected upon entry of this Order. DIP Lender shall not be required to establish a restricted or blocked account or enter into, with the Debtors, any control agreement, and further shall not be required to file any UCC-1 financing statements, mortgages, deeds of trust, security deeds, notices of lien or any similar document or take any other action (including possession of any of the Collateral) in order to validate the perfection of the liens.

10. <u>Section 364(e) Finding</u>. The Court finds that any extension of credit hereunder by the DIP Lender shall be deemed an extension in good faith.

11. <u>Pre-Petition Security Interests</u>. Several parties appear to assert an interest in each Debtor's cash collateral. These parties are hereinafter referred to as the "Secured Creditors." Debtor specifically reserves the right to challenge the lien perfection and priority of each of the following Secured Creditors, and except for the interim relief granted herein, the Court makes no further findings with respect to priority or perfection. The Borrowing Debtors had, as of the Petition Date, various parties purporting to assert a blanket lien (or a near blanket lien) on the Borrowing Debtors' assets, described above as the Secured Lenders and set forth again here:

   a. Party Fowl Nashville (J & S Concepts) – Studio Bank, U.S. Small Business Administration, VOX Funding, UFS Funding, and WebBank d/b/a Toast Capital;

   b. Party Fowl Murfreesboro - Regions Bank; Rewards Network;

   c. Party Fowl Donelson – Regions Bank; Rewards Network; and

   d. Party Fowl Cool Springs – ServisFirst Bank; WebBank d/b/a Toast Capital.

12. <u>Good Cause Shown</u>: The Debtors have requested immediate entry of this Interim Order pursuant to Bankruptcy Rule 4001(b)(2). Absent entry of the Interim Order, the Debtors' business, property and the estate will be immediately and irreparably harmed. This Court concludes

that good cause has been shown and entry of this Interim Order is in the best interests of the Debtors' estate sand creditors as its implementation will, among other things, allow for the continued operation of each Borrowing Debtor's business and enhance the Debtors' prospects for a successful reorganization.

13. <u>Use of Cash Collateral</u>. The Debtor is authorized to use cash until a final hearing on the Motion in accordance with the Budget attached to the Motion as **Exhibit B** and which may be amended prior to a final hearing on the Motion.

14. <u>Adequate Protection</u>. Subject to the provisions of Paragraphs 4 and 5 hereof, and pending a final hearing on the Motion, as interim adequate protection for the use of, and any diminution in the value of, the collateral, the Secured Creditors are each granted a replacement security interest under Section 361(2) of the Bankruptcy Code in the Debtor's post-petition property and proceeds thereof (excluding the Debtors' rights under Sections 544, 545, 546, 547, 548, 549, and 550 of the Bankruptcy Code), to the same extent and priority as each Secured Creditors' purported security interest (if any) in the Debtors' pre-petition property and the proceeds thereof, subject to the DIP Facility and super-priority interest of the DIP Lender.

    a. *Automatic Perfection.* For the limited purpose of this Interim Order, the replacement liens and security interests granted herein (if any) shall be deemed perfected upon entry of this Order without the necessity of any of the Secured Creditors taking possession of any collateral or filing financing statements or other documents.

15. <u>Service of Motion</u>. Debtors have certified that copies of the Motion and notice of the Interim Hearing have been served by electronic mail, telecopy transmission, hand delivery, overnight courier or first-class United States mail upon the United States Trustee (the "U.S. Trustee"), counsel for the DIP Lender, and the 20 largest creditors of each Debtor. The Court finds that notice of the Motion, as it relates to this Order, is sufficient for all purposes under the Bankruptcy Code and the Bankruptcy Rules.

16. <u>Modification of Interim Order</u>. At the Final Hearing, the provisions of this Order with respect to adequate protection may be hereafter modified or continued by the Court as a final order based upon, without limitation, the terms and conditions of a final order determining any lien disputes, or as further determined by the Court at such Final Hearing. The Debtors, the DIP Lender, and the Secured Creditors each reserve the right to seek to modify the terms and conditions of this Order with respect to adequate protection, or otherwise, in connection with the entry of the Final Order.

17. <u>No Limitation</u>. Nothing contained herein shall be deemed or construed to (i) limit the Debtors, the DIP Lender or the Secured Creditors to the relief granted herein; (ii) bar the Debtors, the DIP Lender or the Secured Creditors from seeking other and further relief for cause shown on appropriate notice to parties-in-interest entitled to notice of same, (provided, however, that any such relief constituting a modification of this Order shall be permitted only to the extent consistent with the terms of the Final Order (as set forth herein), or (iii) require the Secured Creditors to make any loans or advances to the Debtors.

IT IS SO ORDERED.

> THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.

APPROVED FOR ENTRY:

/s/ R. Alex Payne
R. Alex Payne
Gray Waldron
Henry E. ("Ned") Hildebrand IV
DUNHAM HILDEBRAND, PLLC
2416 21st Avenue South, Suite 303
Nashville, Tennessee 37212
629.777.6539
alex@dhnashville.com
gray@dhnashville.com
ned@dhnashville.com
*Counsel for Debtors*

Note:

As discussed at the interim hearing on this matter, the issue of borrowing money to pay attorneys' fees and other professional fees will be reserved for another hearing with greater notice and an opportunity for further review and analysis of the unusual issues raised by that aspect of the Debtors' request. Accordingly, the process for addressing this issue may be discussed at the hearing on March 19, 2024, but it is not anticipated that this portion of the relief requested will be resolved on the merits at that time.

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:24-bk-00066    Doc 97    Filed 03/13/24    Entered 03/13/24 18:59:37    Desc Main
Document    Page 7 of 7